UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 8:05-cr-44-T-24TBM

ANDREW TANNIS

_____/

**ORDER**

This cause comes before the Court on Defendant Tannis' Motion for New Trial Under Rule 33/Directed Verdict Pursuant to Rule 29.  (Doc. No. 226).  The Government opposes the motion.  (Doc. No. 235).

**I.  Background**

Defendant Tannis was charged in the Second Superseding Indictment with conspiring to distribute, and possessing with the intent to distribute, five kilograms or more of cocaine and fifty grams or more of cocaine base (Doc. No. 122).  The Court granted Defendant Tannis' unopposed motion for a judgment of acquittal regarding the alleged conspiracy to distribute, and possessing with the intent to distribute, fifty grams or more of cocaine base; the Court denied his motion regarding the alleged conspiracy to distribute, and possessing with the intent to distribute, five kilograms or more of cocaine.  (Doc. No. 211).  The jury found Defendant Tannis guilty of conspiring to distribute, and possessing with the intent to distribute, five kilograms or more of cocaine.  (Doc. No. 223).

Thereafter, Defendant Tannis filed the instant motion for a new trial, pursuant to Rule 33, or for a directed verdict, pursuant to Rule 29.  Defendant Tannis asserts several grounds in support of his motion, but after careful review, the Court finds that the motion must be denied.

**II.  Motion for Judgment of Acquittal Pursuant to Rule 29**

When a defendant moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, the court must review the evidence in the light most favorable to the government and must deny the motion "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." U.S. v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005)(citations omitted).  Under Rule 29, "[a]ll reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict."  Id. (citation omitted).  After reviewing the evidence in the light most favorable to the government, the Court finds that there was sufficient evidence for a jury to find Defendant Tannis guilty beyond a reasonable doubt on the charge of conspiracy to distribute, and possessing with the intent to distribute, five kilograms or more of cocaine.

**III.  Motion for a New Trial Pursuant to Rule 33**

Defendant Tannis also moves for a new trial pursuant to Federal Rule of Criminal Procedure 33.  Rule 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires."  In determining whether to grant the motion, the Court must carefully weigh the evidence and may assess the credibility of the witnesses.  See U.S. v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005)(citations omitted); U.S. v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)(citations omitted).  If after weighing the evidence and assessing the credibility of witnesses the Court concludes that, "'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred,'" the Court may set aside the verdict and grant a new trial.  Martinez, 763 F.2d at 1312 (quoting U.S. v. Lincoln, 630 F.2d

1313, 1319 (8th Cir. 1980)).  However, upon review of the evidence, the credibility of the witnesses, and the specific objections set for by Defendant Tannis in his motion, this Court finds that Defendant Tannis has not shown that a new trial is warranted.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Tannis' Motion for New Trial Under Rule 33/Directed Verdict Pursuant to Rule 29 (Doc. No. 226) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of August, 2005.

*[Signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record